**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**TREMAYNE TRAVELLE BEAN**                                              **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:17-CV-6-RP**

**COMMISSIONER OF SOCIAL SECURITY**                          **DEFENDANT**

## FINAL JUDGMENT

This cause is before the Court on Plaintiff's Complaint under 42 U.S.C. § 405(g) and

1383(c)(3) for judicial review of an unfavorable decision of the Commissioner of the Social

Security Administration regarding an application for a period of disability and disability

insurance benefits. The parties have consented to entry of final judgment by the United States

Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of

Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative

transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds

as follows:

At the administrative hearing, the ALJ posed to the vocational expert a hypothetical

individual with, among other functional limitations, a limitation of "never" climbing stairs, in

response to which the VE testified that such a limitation would significantly reduce the number

of available jobs, as "almost all buildings have stairs." Docket 7 at 53-54. Before the VE could

elaborate the ALJ interrupted, stating, "Let me strike that and put occasional climbing of stairs."

Docket 7 at 54. The VE then testified that such an individual could perform the jobs of packing

line worker, fabric layout worker, and hand cloth folder, and the VE estimated the numbers of

such jobs in the local and national economy. Docket 7 at 54-55.

In his decision, the ALJ found Plaintiff had an RFC that included the limitations *both* of "occasionally climbing stairs" *and* of "never climb ramps, stairs, ladder, ropes or scaffolds." Docket 7 at 20. Relying on the aforementioned VE testimony that assumed an RFC permitting "occasional" climbing of stairs, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform and therefore a finding of "not disabled" is appropriate. Docket 7 at 23-24.

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument during a hearing held in this matter today, the ALJ's decision is reversed and remanded with instructions to clarify whether the plaintiff's RFC limits him to "occasionally" climbing stairs or "never" climbing stairs and to state the basis for the finding. If the ALJ finds that Plaintiff can occasionally climb stairs, the ALJ should specify whether this limitation permits occasional job-related stair-climbing or is limited to accessing the workplace. Using the clarified RFC, the ALJ should obtain VE testimony as to whether there are jobs that exist in significant numbers in the national economy that the plaintiff can perform.

**SO ORDERED AND ADJUDGED**, this the 1st day of September, 2017.


/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE